**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| DEVON FLOYD, | : | Civil No. 09-5338 (PGS) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **NOTICE and ORDER** |
| | : | |
| MICHELLE RICCI, et al., | : | |
| | : | |
| Respondents. | : | |

---

IT APPEARING THAT:

1.  On August 18, 2002, a judgment of conviction was entered against Petitioner in the Superior Court of New Jersey, Essex County, after a jury found him guilty of aggravated manslaughter, possession of a weapon for an unlawful purpose, and unlawful possession of a weapon.  On November 10, 2004, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and sentence, State v. Floyd, Docket No. A-1986-02 (N.J. Super. Ct., App. Div., Nov. 10, 2004), and on February 16, 2005, the New Jersey Supreme Court denied certification, State v. Floyd, 182 N.J. 629 (2005) (table).

2.  Petitioner asserts that on May 26, 2005, he submitted a state petition for post-conviction relief to the Law Division of the Superior Court of New Jersey, but the court did not accept the petition until August 13, 2005.  (Docket Entry #2, pp. 4-5.)  The Law Division denied post-conviction relief, Petitioner appealed, and on March 11, 2009, the Appellate Division affirmed the order denying post-conviction relief.  See State v. Floyd, 2009 WL 605304 (N.J. Super. Ct., App. Div., Mar. 11, 2009).  Petitioner raised the following grounds on appeal from

the order denying post-conviction relief:  ineffective assistance of trial and appellate counsel (13 grounds); defendant is entitled to a new trial due to newly discovered evidence; prosecutor knowingly used perjured testimony and failed to correct false testimony; prosecutor excluded qualified jurors on basis of race; lower court made additional errors; and lower court erred in denying evidentiary hearing.  On July 20, 2009, the New Jersey Supreme Court denied certification.  See State v. Floyd, 200 N.J. 208 (2009) (table).

3.  On October 20, 2009, the Clerk of this Court docketed as filed Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("the § 2254 Petition"), challenging the August 18, 2002, New Jersey conviction.  The § 2254 Petition raises eight grounds.

4.  The eight grounds raised in the § 2254 Petition appear to be the eight grounds Petitioner presented to the Appellate Division on direct appeal from the conviction.  Compare Docket Entry #1 at p. 2 (setting forth eight grounds raised on direct appeal) with Docket Entry #1 at pp. 2, 6, 10, 12, 14, 16, 17, 19 (setting forth eight grounds raised in the § 2254 Petition).

5.  The § 2254 Petition does not raise any of the grounds Petitioner presented on appeal from the order denying post-conviction relief.  Compare 2009 WL 605304 at p. 2 (listing grounds raised on appeal from order denying post-conviction relief) with Docket Entry #1 at pp. 2, 6, 10, 12, 14, 16, 17, 19 (setting forth eight grounds raised in the § 2254 Petition).  Accordingly, the § 2254 Petition does not raise any ineffective assistance of counsel grounds.

6.  On December 3, 2009, Petitioner filed a motion to stay the § 2254 Petition, claiming that he needs a stay while he fully exhausts his presently mixed ineffective assistance of counsel claims in state court (by apparently filing a second petition for post-conviction relief in the Law

Division).  Petitioner also filed a declaration and a memorandum of law in support of a stay.  See

Docket Entry #2.  Petitioner argues that a stay is warranted as follows:

> After Petitioner filed the existing petition, he was informed by a paralegal that the petition could be considered "mixed," and that additional claims had to be fully exhausted in the state court before being cognizable in this Court . . . .

> Because a significant amount of Petitioner's 1-year filing deadline has been depleted, it is highly improbable that he would have time to withdraw[] this mixed petition and exhaust the unexhausted and unfiled claims in time to re-submit an all-inclusive petition to this Court without being time barred.  Consequently, Petitioner would face near-certain prejudice of monumental proportions were this petition to be dismissed without a stay and abeyance being granted.

> Petitioner . . . submits that he recently realized that his ineffective-assistance-of-counsel claims contain both exhausted and unexhausted claims, and that some of his claims had not been presented in state-court proceedings.

> Petitioner additionally submits that the unexhausted claims would be cognizable in this Court if, in fact, they do not result in affirmative relief in the state proceedings, which he is nearly prepared to initiate for exhausting purposes . . .

Docket Entry #2-1 at pp. 5-8.

7.  In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court held that a district court

has the authority to stay a mixed § 2254 petition when a stay would be compatible with

AEDPA's purposes, <u>Rhines</u> at 276, and that "it likely would be an abuse of discretion for a

district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for

his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such

circumstances, the district court should stay, rather than dismiss, the mixed petition."  <u>Id.</u> at 278.

<u>See also</u> <u>Heleva v. Brooks</u>, 581 F. 3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under

Rhines standard also applies to a request to stay a § 2254 petition which contains only

unexhausted claims).  The Rhines Court explained:

> If a petitioner files a timely but mixed petition in federal district
> court, and the district court dismisses it under Lundy after the
> limitations period has expired, this will likely mean the termination
> of any federal review.  For example, if the District Court in this
> case had dismissed the petition because it contained unexhausted
> claims, AEDPA's 1-year statute of limitations would have barred
> Rhines from returning to federal court after exhausting the
> previously unexhausted claims in state court.

Rhines at 275.

8. This Court will deny Petitioner's motion for a stay without prejudice.  Petitioner

asserts that the § 2254 Petition he filed is a mixed petition and he needs a stay in order to exhaust

(unspecified) ineffective assistance of counsel claims.  However, it appears that the § 2254

Petition is not a mixed petition, as the eight grounds in the Petition were raised on direct appeal.

Moreover, the § 2254 Petition before this Court does not include even one ineffective assistance

of counsel claim (even though Petitioner raised 13 ineffective assistance of counsel claims on

appeal from the order denying his petition for post-conviction relief).  Under these

circumstances, it appears that, even if a stay were granted, a stay of this § 2254 Petition would

not preserve Petitioner's ability to have this Court consider potentially meritorious but

unexhausted ineffective assistance of counsel claims.  In addition, Petitioner has not shown that

his unexhausted claims are potentially meritorious, he has not shown good cause for failing to

present all his ineffective of counsel claims in his first state petition for post-conviction relief

and, given that Petitioner has not even filed a second petition for post-conviction relief in the

state court, he has not shown the absence of intentionally dilatory litigation tactics.

9.   Furthermore, in accordance with <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), this Court is hereby notifying Petitioner of the following consequences of filing a § 2254 Petition under the Antiterrorism Effective Death Penalty Act (AEDPA).  First, the AEDPA generally permits a prisoner in custody pursuant to the judgment of a State court who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States, to file only one petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court.  This is because, in the absence of extremely limited circumstances and the prior approval of the United States Court of Appeals for the Third Circuit, this Court lacks jurisdiction to entertain a federal claim presented in a second or successive § 2254 petition.  <u>See</u> 28 U.S.C. § 2244(b).  Thus, as a result of this bar on second and successive § 2254 petitions, a prisoner challenging the legality of detention pursuant to a judgment of a State court **must include** all available federal grounds to collaterally attack the State judgment in the first § 2254 petition.[1]

10.   In addition, under the AEDPA, except in extremely limited circumstances, the prisoner must file this one all-inclusive § 2254 petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  <u>See</u> 28 U.S.C. § 2244(d).

11.   In addition, under the AEDPA, a this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B).  <u>See</u> <u>Henderson v. Frank</u>,

---

[1] The Habeas Rules provide that this one and only all-inclusive § 2254 petition must specify the federal grounds for relief, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by the petitioner or an authorized person, and substantially follow the form appended to the Habeas Rules.  <u>See</u> 28 U.S.C. § 2254 Rule 2(c) & (d).

5

155 F.3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997);

Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).  The Exhaustion Doctrine requires a petitioner

challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground

that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division,

the Appellate Division, and the New Jersey Supreme Court.  See O'Sullivan v. Boerckel, 526

U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982).

    12.  In light of the fact that the § 2254 Petition presently before this Court does not

include any of the grounds that were raised by Petitioner in his first state petition for post-

conviction relief, and in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this

Court is hereby giving Petitioner 45 days to file **an amended § 2254 petition which includes all

federal claims which Petitioner wants this Court to consider**.  Petitioner should include in

this amended petition all exhausted federal claims, as well as all unexhausted federal claims, if

he wants this Court to consider those claims.[2]

    13.  Petitioner is advised that, if the § 2254 Petition presently before this Court was filed

within the one-year statute of limitations under 28 U.S.C. § 2244(d), then this Court will toll the

statute of limitations from the date Petitioner handed the § 2254 Petition (Docket Entry #1) to

prison officials for mailing to the Clerk of this Court and until 45 days after the date of the entry

---

[2] If the amended petition contains unexhausted federal claims and Petitioner would like to request a
stay, then **after** this Court orders service of the amended § 2254 petition on Respondents, Petitioner may file
and serve a second motion for a stay, provided he shows:  the unexhausted claims are potentially meritorious
(Petitioner must specify which claims are unexhausted); he has good cause for failing to previously exhaust
those claims in his first state petition for post-conviction relief (Petitioner must explain why he did not exhaust
these claims previously); and he has not engaged in intentionally dilatory litigation tactics.

of this Order.  This means that, if the original § 2254 Petition was timely filed, then the amended

petition will also be timely filed.

IT IS therefore on this ___6___ day of ___July_____, 2010,

ORDERED that the motion (Docket Entry #2) to stay the § 2254 Petition is DENIED

WITHOUT PREJUDICE; and it is further

ORDERED that Petitioner has 45 days from the date of the entry of this Order to file with

the Clerk an amended § 2254 petition which includes all federal grounds; and it is further

ORDERED that, if Petitioner files an amended petition, then he must fill in the form

provided by the Clerk and **must answer each question on the face of the form itself** and avoid

attaching additional pages unless the answer does not fit in the space provided on the form; and it

is further

ORDERED that, if Petitioner fails to file an amended § 2254 petition within 45 days of

the date of the entry of this Order, then this Court will consider Docket Entry #1 as Petitioner's

one and only all-inclusive § 2254 Petition and, absent extraordinary circumstances, federal

claims set forth in any second or successive § 2254 petition will be subject to dismissal for lack

of jurisdiction.  See 28 U.S.C. § 2244(b); and it is finally

ORDERED that the Clerk shall serve this Order by regular mail upon Petitioner and shall

enclose a blank § 2254 form petition.

_____

**PETER G. SHERIDAN, U.S.D.J.**